UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JAMES KENT JUETT,

    Plaintiff,

v.

GREENUP COUNTY, KENTUCKY
GOVERNMENT, *et al.*,

    Defendants.

Civil Action No. 11-00057-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff James Kent Juett, who lists his address as 2700 Bruce Drive, Ashland, Kentucky, has filed a *pro se* 42 U.S.C. § 1983 civil rights Complaint asserting claims against the "Greenup County, Kentucky Government," the Greenup County Detention Center ("the GCDC"); and Dallas Prince, former Jailer of the GCDC. Juett has been granted pauper status. [D. E. No. 4].

Under 28 U.S.C. § 1915(e), a district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Because Juett's claims are time-barred and equitable tolling is not warranted, the Court will dismiss his Complaint with prejudice.

## ALLEGATIONS OF THE COMPLAINT

Juett states that on June 20, 2009, when confined in the GCDC, fifteen to twenty men physically attacked him over a four to five-hour period.[1] He states that the men hit his testicles numerous times, broke two of his vertebrae, and broke two of his ribs. Juett states that he may have sustained a concussion. He was taken to a local hospital for treatment. Ten days later, Juett was discovered on the floor of the shower and was again taken to the local hospital. Juett states that hospital staff told him that he had suffered a seizure, but Juett questions that conclusion.

The pre-printed § 1983 Complaint Form which Juett submitted asks prisoner-plaintiffs confined in local jails to explain their failure to file an administrative grievance concerning their claims. Juett responded as follows:

> I am still on probation and really do not want to cause waves and have this happen all over. The attorney I had said taking care of this was the least of my worries. Since he is an attorney I assumed he knew the statutes of limitations. He just for some reason did not keep good records or just forgot about the deadline. I just recently found out from another attorney I have two years to file a federal civil case under the 1983 or Bivens action.

[D. E. No. 2, p. 6, § IV (C)(5)].

Juett seeks unspecified monetary damages for his past and future medical expenses and for his lost wages. Juett stated that "I want to make sure this and the

---

[1] Juett does not specify if his alleged attackers were GCDC employees or GCDC inmates.

2

other violations an attorney told me about do not happen to anyone else." [*Id.*, p. 8].

## DISCUSSION

Juett's claims are barred by the applicable statute of limitations. The time limitation for bringing a § 1983 action is governed by the limitation period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The alleged event occurred in Kentucky, which has a one-year statute of limitations for personal injuries, not a two-year period. K.R.S. § 413.140(1); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (noting that "§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)").

The statute of limitations accrues when a plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Juett alleges that he was attacked on June 20, 2009, that his ribs and vertebrae were fractured, and that he possibly sustained a concussion. Therefore, Juett either knew or should have known that his claims accrued on **June 20, 2009**. The one-year limitation period expired on **June 20, 2010**, but Juett did not file his Complaint until **June 20, 2011**, two years after his claim accrued and an entire year <u>after</u> the one-year limitations period had expired on June 20, 2010.

3

Juett acknowledges the statute of limitations issue, which is obvious from the Complaint. A district court may dismiss a complaint as time-barred when a statute of limitations defect is obvious from the face of the complaint. *Castillo v. Grogan*, 52 Fed. App'x. 750, 751 (6th Cir. 2002); *Alston v. Tennessee Dept. of Corr.*, 28 F. App'x. 475, 476 (6th Cir. 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653, at *1 (6th Cir. Dec. 5, 2000) )(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

Juett blames the missed one-year limitations period on his prior attorney, but he does not identify that attorney by name, does not allege when he discussed his possible civil rights claim with the unidentified attorney, and does not allege that he specifically hired the unidentified attorney to represent him in this matter.[2] But even assuming that Juett's claims are true and that the attorney failed to file a § 1983 action on his behalf, Juett essentially asks the Court to relieve him of the attorney's alleged oversight and toll the one-year statute of limitations.

Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

---

[2] Indeed, the first attorney to whom Juett refers could have been engaged to represent him only in criminal matters.

beyond that litigant's control." *Id.* at 560-61.

The Supreme Court has allowed equitable tolling in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*; *cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). To determine whether the statute of limitations should be equitably tolled, a district court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Jurado v. Burt,* 337 F.3d 638, 6443 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001).

Juett's construed tolling request fails under the first factor (lack of actual notice) because "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.

5

1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Because Juett alleges that an attorney was representing him and was responsible for filing a timely § 1983 lawsuit on his behalf, the Court collectively addresses the second factor (lack of constructive notice), the third factor (diligence in pursuing his rights), and the fifth factor (reasonableness in remaining ignorant of the filing deadline). Juett's construed request to toll the one-year limitations period, based on his former attorney's alleged oversight, is non-persuasive because attorney error, miscalculations, inadequate research, or other mistakes do not constitute extraordinary circumstances which justify tolling a statue of limitations. *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003). This is so because "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

The Supreme Court has refused to equitably toll the statute of limitations based on an attorney's mistake in federal habeas corpus proceedings, stating as follows:

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. **Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right**

6

**to counsel.**

*Lawrence v. Florida*, 549 U.S. 327, 336-37(2007) (emphasis added). There is no reason to conclude differently in this case.

Again assuming that Juett's attorney was in fact engaged to represent him in this civil matter and that he or she failed to file suit, Juett's remedy is to file an action against that attorney. "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen v. Randle*, 37 F. App'x. 113, 120 (6th Cir. 2002) (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999)).

As for the fourth factor (absence of prejudice to the respondent), "delay alone is not a sufficient basis for establishing prejudice ... Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Fin. Group, Inc. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) (citations omitted).

In this case, however, two years have passed since Juett was allegedly assaulted. The passage of time can complicate locating evidence and witnesses and cause memories of the event to fade. The defendants in this action, if required to respond, might need statements from (1) employees no longer employed by the GCDC or the Greenup County Fiscal Court; (2) other witnesses who may have relocated elsewhere;

and (3) inmates, long ago transferred or released and no longer in the GCDC's custody, who may have witnessed or been involved in the alleged attack on Juett. Further, according to Juett's Complaint, he filed no grievances at the GCDC about the alleged attack. Doing so might have alerted GCDC and/or county officials of his claim *at that time*, and the need to investigate the alleged attack *at that time*.

Considering these issues, and the absence of excusable neglect for missing the one-year filing deadline, equitable tolling of the one-year statute of limitations is unwarranted. In summary, Juett's claims are barred by the applicable statute of limitations set forth in K.R.S. § 413.140(1) and his Complaint will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff James Kent Juett's Complaint, [R. 2], is **DISMISSED WITH PREJUDICE** and this case is **STRICKEN** from Court's active docket. The Court will enter an appropriate Judgment.

This 25th day of July, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge